## Case No. 182.

### ALEXANDRIA v. BROCKETT.

[2 Cranch, C. C. 13.][1]

Circuit Court, District of Columbia. Nov. Term, 1810.

INSTRUCTIONS—MATTER IN ISSUE.

When the issue is joined upon a matter of law, the court will not. at the prayer of either party, instruct the jury upon the matter of law submitted to the jury by the pleadings.

At law. Debt for the penalty of two hundred dollars under a by-law against burning oyster-shells in Alexandria.

The defendant pleaded that the penalty of the by-law was not a reasonable penalty, upon which the plaintiff took issue.

Upon this issue the plaintiff moved the court to instruct the jury that if they should be satisfied that in the year 1803 (the year the by-law was passed) the yellow fever prevailed in the town, and was generally supposed to have been caused by burning oyster-shells, then the penalty was reasonable.

THE COURT (THRUSTON, Circuit Judge, absent) refused to give any instruction to the jury upon the subject, the parties having by their pleadings put the reasonableness of the penalty in issue to the jury. If the party offers an issue as to matter of law, the other party may demur; if he joins issue, he cannot afterwards submit the matter of law to the court.

## Case No. 183.

### ALEXANDRIA v. CORSE.

[2 Cranch, C. C. 303.][1]

Circuit Court, District of Columbia. Nov. Term, 1822.

PRINCIPAL AND SURETY—LIABILITY OF SURETY—WANT OF SKILL—GROSS NEGLIGENCE.

The surety in an official bond, conditioned that the principal shall faithfully execute the duties of his office, is not liable for the honest error, in judgment or want of skill, of the principal. But gross negligence is want of fidelity.

At law. Debt, against the surety of one Talbot, an inspector of fish, upon his official bond faithfully to execute the duties of the office.

Mr. Mason, for defendant, prayed the court to instruct the jury that the defendant was not liable upon this bond, for honest error in judgment, or want of skill; and cited [President, etc., of Union Bank v. Clossey,] 10 Johns. 271.

THE COURT, (THRUSTON, Circuit Judge, absent,) at the prayer of the defendant's

counsel, instructed the jury, that the defendant was only liable for the faithful discharge of Talbot's duty as inspector, and was not liable for his honest error in judgment, or want of skill.

But the court, at the prayer of the plaintiff's counsel, further instructed the jury, that if the inspector was guilty of gross negligence in examining the fish, he did not faithfully execute the duties of his office in that respect.

### ALEXANDRIA, (FOWLE v.)

[See Fowle v. Alexandria, Case No. 4,993.]

### ALEXANDRIA, (HOOE v.)

[See Hooe v. Alexandria, Case No. 6,666.]

### ALEXANDRIA, (HOOE v.)

[See Hooe v. Alexandria, Case No. 6,667.]

### ALEXANDRIA, (LYLES v.)

[See Lyles v. Alexandria, Case No. 8,623.]